FILED
2024 Aug-27 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATONYA PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-01348-NAD |
| SECURITY ENGINEERS, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDERING PLAINTIFF TO FILE A FINAL AMENDED COMPLAINT**

For the reasons stated below, the court **GRANTS** the second motion to dismiss filed by Defendants Security Engineers, Inc., Daniel Tillman, and Sade Reed (Doc. 29),[1] and **ORDERS** Plaintiff LaTonya Payne to file a final amended complaint within **21 days**.

### BACKGROUND

On October 6, 2023, Payne initiated this action by filing a *pro se* complaint against Defendants Security Engineers, Tillman, and Reed. Doc. 1. In her complaint, Payne alleged violations of the Americans with Disabilities Act (ADA),

---

[1] The parties have fully briefed this motion, and the court has determined that this motion is appropriate for disposition on the briefs without oral argument. *See* Fed. R. Civ. P. 78(b).

1

based on claims of targeting, harassment, and discrimination. Doc. 1. The parties consented to magistrate judge jurisdiction. Doc. 22; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On January 29, 2024, Defendants filed a motion to dismiss Payne's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Payne's complaint did not comply with the Federal Rules of Civil Procedure, that the complaint failed to state a claim for relief, and that Payne had not exhausted her administrative remedies. Doc. 10. That motion was fully briefed. *See* Doc. 18 (Payne's response); Doc. 19 (Defendants' reply).

On April 23, 2024, the court entered a memorandum opinion and order granting the motion to dismiss (Doc. 10), and granting Payne leave to file an amended complaint. Doc. 24. In that April 23 order, the court ruled that Payne's complaint did not include sufficient fact allegations to state a plausible claim under the ADA because she did not allege that she suffered any adverse actions on account of a qualifying disability under the ADA. Doc. 24 at 5–6. The court also ruled that Payne could not bring claims against individual Defendants Tillman and Reed under the ADA or Title VII of the Civil Rights Act of 1964, and that any other claims in Payne's complaint lacked a sufficient fact basis to state a claim for relief. Doc. 24 at 6–7.

In that April 23 order, Payne was directed to file an amended complaint in

compliance with the Federal Rules of Civil Procedure, and was instructed to include in the amended complaint all claims and fact allegations that she wished to pursue. Doc. 24 at 7–8. Payne also was directed to file a copy of all charges of discrimination that she filed with the EEOC and that formed the bases for her claims in this action, and copies of any EEOC responses to any such charges of discrimination. Doc. 24 at 8.

On May 14, 2024, Payne filed an unsigned and unsworn "Statement Of Facts." Doc. 26. In that filing, Payne stated a narrative recitation of several grievances about her employment, without any identified legal claims. Doc. 26. Among other things, Payne states that a non-defendant coworker spread sexually charged rumors about her, and that she was terminated based on fabricated complaints. Doc. 26 at 2–5. Payne also states that, "[i]t seems that every time that [she] was told to do something for people in a higher position, [she] would get targeted." Doc. 26 at 5.

Also on May 14, 2024, Payne filed an unsigned and unsworn "Brief Narrative Statement Of Facts," in which she stated more narrative allegations. Doc. 27. In that filing, Payne states that Defendants Tillman and Reed harassed her by fabricating complaints against her, refusing to investigate unspecified sexual harassment by a coworker, and "constantly ask[ing] why [Payne] was doing other than what was asked of them." Doc. 27 at 1. She also states that, when it was "discovered" that she was "not being medicated for PTSD," she began experiencing

3

a hostile work environment because people were "asking what [she was] doing every hour or two," and that Defendant Security Engineers engaged in discrimination under Title VII by "denying the round of promotions that were to anyone of color." Doc. 27 at 1.

Payne did not submit any EEOC documentation with her filings.

On May 28, 2024, Defendants filed this second motion to dismiss, treating Payne's May 14, 2024 filings as an amended complaint (Doc. 26; Doc. 27), and arguing that Payne failed to state a claim upon which relief can be granted. Doc. 29. Defendants argued that Payne's construed amended complaint did not comply with the Federal Rules of Civil Procedure, that Payne could not bring claims against the individual defendants, and that Payne had not exhausted her administrative remedies. Doc. 29.

On July 18, 2024, Payne filed a response to Defendants' second motion to dismiss, asserting that she was treated unfairly during the course of her employment. Doc. 33. Defendants filed a reply, arguing that Payne had not addressed their arguments and reiterating that Payne's filings, treated as an amended complaint, fail to state a claim for relief. Doc. 34.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  In addition, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  *Id.*  One of the purposes of Rule 8(a)(2) and Rule 10(b) is to allow the defendants and the court to determine "which facts support which claims."  *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), the court can dismiss a complaint for "failure to state a claim upon which relief can be granted."  *Id.*  According to the U.S. Supreme Court, "[d]etailed factual allegations are not required, but [Rule 8] does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief; and, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 663–64, 678 (citations

omitted); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (cleaned up)).

## DISCUSSION

As discussed in the April 23, 2024 order (Doc. 24), Payne cannot bring claims for individual liability against Defendants Tillman and Reed under the ADA or Title VII. *See* Doc. 24 at 6; *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). Moreover, Payne's filings, when construed as an amended complaint, do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because they do not contain a short and plain statement of Payne's claims and do not state Payne's claims in numbered paragraphs. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Because Payne's filings do not clearly state her alleged claims for legal relief and the particular facts supporting each claim, and because Payne does not state a clear basis for discrimination, her filings also lack "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663. Payne must more clearly state the facts related to her alleged claims, and must "allege more by way of factual content to 'nudg[e]' [her] claim[s] . . . 'across the line from conceivable to plausible.'" *See Iqbal*, 556 U.S. at 684 (quoting *Twombly*, 550 U.S. at 570)).

## CONCLUSION

For the reasons stated above, Defendants' second motion to dismiss Payne's construed amended complaint (Doc. 29) is **GRANTED**. But, because Payne did not clearly file an amended complaint and a *pro se* plaintiff should generally be given "at least one chance to amend the complaint before the district court dismisses the action" (*Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)), Payne is **ORDERED** to file a final amended complaint within **21 days** of the date of this order.

Payne's final amended complaint must contain "a short and plain statement of the claim showing that [she] is entitled to relief," and must state its claims in separate, numbered paragraphs with each claim clearly identified. Fed. R. Civ. P. 8(a)(2); *see* Fed. R. Civ. P. 10(b). The final amended complaint must include all claims that Payne wishes to pursue in this action and should not rely on the claims or allegations in any previous filings, as the court will consider only the claims and allegations in the final amended complaint. The final amended complaint should clearly and specifically state which facts support which claims for relief. *See Weiland*, 792 F.3d at 1320. The final amended complaint also should identify the basis for any alleged discriminatory conduct.

In addition, Payne again is **ORDERED** to attach to her final amended complaint (1) a copy of all charges of discrimination that she filed with the EEOC

and that form the bases for her claims in this action, as well as (2) a copy of the EEOC's response to all such charges of discrimination.

FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE FOR FAILURE TO PROSECUTE. Fed. R. Civ. P. 41(b).

Should Payne file a final amended complaint and Defendants again seek dismissal of the complaint on similar grounds, Defendants may refer to their prior motions to dismiss and incorporate any arguments by reference where appropriate.

The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff Payne at her address of record.

**DONE** and **ORDERED** this August 27, 2024.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE