# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LATONYA PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-01348-NAD |
| SECURITY ENGINEERS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

For the reasons stated below, the court **GRANTS** the "Motion To Dismiss Plaintiff's Second Amended Complaint" filed by Defendants Security Engineers, Inc., Daniel Tillman, and Sade Reed (Doc. 37), and **DISMISSES** this case without prejudice.[1]  Separately, the court will enter final judgment.

## BACKGROUND

On October 6, 2023, Plaintiff LaTonya Payne initiated this action by filing a *pro se* complaint against Defendants Security Engineers, Tillman, and Reed. Doc. 1. In the complaint, Payne alleged violations of the Americans with Disabilities Act (ADA), based on claims of targeting, harassment, and discrimination. Doc. 1.

---

[1] The parties have fully briefed this motion, and the court has determined that this motion is appropriate for disposition on the briefs without oral argument. *See* Fed. R. Civ. P. 78(b).

1

The parties consented to magistrate judge jurisdiction. Doc. 22; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On January 29, 2024, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint did not comply with the Federal Rules of Civil Procedure, that the complaint failed to state a claim upon which relief can be granted, and that Payne had not exhausted her administrative remedies. Doc. 10. That motion was fully briefed. *See* Doc. 18 (Payne's response); Doc. 19 (Defendants' reply).

On April 23, 2024, the court entered a memorandum opinion and order, granting the motion to dismiss (Doc. 10), and granting Payne leave to file an amended complaint. Doc. 24. In that April 23 order, the court ruled that the complaint did not include sufficient fact allegations to state a plausible claim under the ADA because the complaint did not allege that Payne suffered any adverse actions on account of a qualifying disability under the ADA. Doc. 24 at 5–6. The court also ruled that Payne could not bring claims for individual liability against Defendants Tillman and Reed under the ADA or Title VII of the Civil Rights Act of 1964, and that any other claims in the complaint lacked a sufficient fact basis to state a claim for relief. Doc. 24 at 6–7.

In that April 23 order, the court directed Payne to file an amended complaint that complied with the Federal Rules of Civil Procedure, and instructed Payne to

include in the amended complaint all claims and fact allegations that she wished to pursue. Doc. 24 at 7–8. The court also directed Payne to file a copy of all charges of discrimination that she filed with the EEOC and that formed the bases for her claims in this action, and copies of any EEOC responses to any such charges of discrimination. Doc. 24 at 8.

On May 14, 2024, Payne filed an unsigned and unsworn "Statement Of Facts." Doc. 26. In that filing, Payne stated a narrative recitation of several grievances about her employment, without identifying any legal claims. Doc. 26. On the same date (May 14, 2024), Payne filed an unsigned and unsworn "Brief Narrative Statement Of Facts," in which she stated an additional narrative recitation. Doc. 27. Payne did not submit any EEOC documentation with her filings.

On May 28, 2024, Defendants filed a second motion to dismiss, treating Payne's May 14, 2024 filings as an amended complaint (Doc. 26; Doc. 27), and arguing that the complaint failed to state a claim for relief, did not comply with the Federal Rules of Civil Procedure, included impermissible claims against the individual defendants, and did not show that Payne had exhausted her administrative remedies. Doc. 29. That motion was fully briefed. *See* Doc. 33 (Payne's response); Doc. 34 (Defendants' reply).

On August 27, 2024, the court entered a memorandum opinion and order again granting Defendants' motion to dismiss (Doc. 29), and ordering Payne to file a final

amended complaint. Doc. 35. In that August 27 order, the court ruled that the documents that Payne had submitted—which Defendants treated as an amended complaint—lacked sufficient fact allegations to state a plausible claim for relief. Doc. 35 at 6. The court also reiterated that Payne could not bring claims for individual liability against Defendants Tillman and Reed, and that Payne's filings did not comply with the Federal Rules of Civil Procedure. Doc. 35 at 6.

In that August 27 order, the court directed Payne to file within 21 days a *final* amended complaint that complied with the Federal Rules of Civil Procedure, and instructed Payne to include in the amended complaint all claims and fact allegations that she wished to pursue and to clearly and specifically state which facts supported which claims for relief. Doc. 35 at 7. In addition, the court again directed Payne to file a copy of all charges of discrimination that she filed with the EEOC and that formed the bases for her claims in this action, and copies of any EEOC responses to any such charges of discrimination. Doc. 35 at 7–8.

On September 19, 2024, two days after the deadline but apparently in response to the August 27 order, Payne submitted an unsigned and unsworn filing labeled "Relief Entitlement." Doc. 36. In that filing, Payne provides a narrative statement that she was demoted based on "complaints about her" that were "false." Doc. 36 at 1, 3. Payne also states that she "was fired on June 26, 2022 because she went to the EEOC about complaints to the company" and "was told by a new supervisor why

4

she was the sacrificial lamb." Doc. 36 at 1. Payne appears to state that another employee "of a different color and sex" was treated more favorably than she was, and that she and other employees were sexually harassed, but she does not identify the harassing conduct. Doc. 36 at 1–2. Payne states further that she did not receive her final two paychecks, did not receive unemployment because her employer said that she quit, and that she "feels discriminated against." Doc. 36 at 3. Along with her filing, Payne submitted an EEOC right to sue letter, but did not include any charges that she filed with the EEOC. Doc. 36-1.

On October 3, 2024, Defendants filed this third motion to dismiss. Doc. 37. Defendants argue that the court should treat Payne's filing as a second amended complaint and dismiss that amended complaint because it was untimely filed and fails to state a claim for relief. Doc. 37 at 1, 3–10. Defendants again argue that Payne's filing does not comply with the Federal Rules of Civil Procedure, that there can be no individual liability against Defendants Tillman and Reed, and that Payne had not exhausted her administrative remedies. Doc. 37 at 4–9.

On October 28, 2024, Payne filed an "Answer To Motion To Dismiss," asserting that she is open to resolving the case out of court, that she is entitled to relief because she has experienced distress, and that she should not have been terminated based on unsubstantiated complaints against her. Doc. 39. Defendants filed a reply, arguing that Payne did not address the substance of the motion to

dismiss and reasserting their arguments in favor of dismissal.  Doc. 40.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In addition, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), the court can dismiss a complaint for "failure to state a claim upon which relief can be granted."  *Id.* According to the U.S. Supreme Court, "[d]etailed factual allegations are not required, but [Rule 8] does call for sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief; and, "[w]hile legal conclusions can provide the complaint's framework, they must be

supported by factual allegations." *Iqbal*, 556 U.S. at 663–64, 678 (citations omitted); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (cleaned up)).

## DISCUSSION

While the court construes Payne's "Relief Entitlement" as a final amended complaint (Doc. 36), the court must dismiss that amended complaint for failure to state a claim for relief.

**I.     The final amended complaint does not comply with the Federal Rules of Civil Procedure and fails to state a claim for relief.**

The final amended complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because the complaint does not include a short and plain statement of Payne's claims. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). One of the purposes of Rule 8(a)(2) and Rule 10(b) is to allow the defendants and the court to determine "which facts support which claims." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks omitted). The Eleventh Circuit has explained that pleadings that "violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.*; *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (similar). And shotgun pleadings are not permitted in the Eleventh Circuit. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020); *accord Weiland*,

792 F.3d at 1321.

Before dismissing a complaint as an impermissible shotgun pleading, a district court typically must give the plaintiff "one chance to remedy such deficiencies," and should "point out the defects in the complaint" to the plaintiff. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018); *see also Isaac v. United States*, 809 F. App'x 595, 599 (11th Cir. 2020) (reasoning that there "is no indication" that the general rule allowing amendment "would not apply to *pro se* litigants, especially since *pro se* parties are entitled to more leniency").

Here, the court has given Payne several opportunities to remedy the deficiencies in the complaints, and this court's previous orders have identified the defects in her pleadings. *See* Doc. 24; Doc. 35. Nonetheless, the final amended complaint does not include a short and plain statement of the claims such that Defendants and the court can determine "which facts support which claims," and consequently does not comply with the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d 1313, 1320–21.

Moreover, because the final amended complaint identifies neither the alleged claims for legal relief nor the facts supporting any such claim, the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663.

Liberally construing all Payne's filings, Payne appears to seek to raise a claim

for discrimination or retaliation under Title VII, or discrimination under the ADA. *See* Doc. 1; Doc. 26; Doc. 27; Doc. 36.

In this regard, "Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Maynard v. Board of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1288 (11th Cir. 2003) (quoting 42 U.S.C. § 2000e–2(a)(1)). "In order to prove retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quotation marks omitted). "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997)); *see also Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (similar).

In the final amended complaint, Payne alleges that she was terminated based

on "false" complaints, alleges—without any supporting facts—that she was "fired on June 26, 2022 because she went to the EEOC about complaints to the company" and "was told by a new supervisor why she was the sacrificial lamb," alleges that at an unidentified time she was treated differently from another employee "of a different color and sex" who was promoted, and alleges that she was subject to unidentified sexual harassment. Doc. 36. Without more, these allegations lack sufficient facts to support any claim.

Among other things, Payne does not allege any adverse employment action on account of a disability (*see Surtain*, 789 F.3d at 1246), does not provide sufficient fact allegations to show an adverse employment action on account of her race or sex (*see Maynard*, 342 F.3d at 1288), and does not allege supporting facts or context for her bare allegation about being fired after complaining to the EEOC (*see Gregory*, 355 F.3d at 1279). In other words, Payne would need to "allege more by way of factual content to 'nudg[e]' [her] claim[s] . . . 'across the line from conceivable to plausible.'" *See Iqbal*, 556 U.S. at 684 (quoting *Twombly*, 550 U.S. at 570)).

Consequently, the final amended complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.

## II. The final amended complaint does not state a claim against individual Defendants Tillman and Reed.

In addition (and separately), the final amended complaint includes no specific allegations against the individual defendants from the initial complaint, Tillman and

10

Reed.  Doc. 36; *see* Doc. 1.  Regardless, Payne cannot state a claim for individual liability.  As discussed in the April 23 order (Doc. 24 at 6), and the August 27 order (Doc. 35 at 6), Payne cannot bring claims for individual liability against Defendants Tillman and Reed under either Title VII or the ADA.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).  Accordingly, the final amended complaint fails to state a claim against Defendants Tillman and Reed.

### III. Payne has not alleged or shown that she properly exhausted her administrative remedies.

Furthermore (and as to Defendant Security Engineers), Payne has not alleged or shown that she fulfilled the prerequisite of exhausting her administrative remedies.  Payne has not alleged that she timely filed an EEOC charge or that, if she did, any such charge included the bases for the claims that she now seeks to pursue.

An employee alleging a claim under Title VII or the ADA first must have exhausted her administrative remedies by filing a charge of discrimination with the EEOC.  *See Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017) ("An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act."); *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) ("An employee making a discrimination claim under the ADA must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC.").  Generally, a plaintiff alleging an employment

11

claim "must allege in her complaint that she has met the prerequisites of a valid and timely filed EEOC charge." *Poer v. Jefferson Cty. Comm'n*, 100 F.4th 1325, 1338 (11th Cir. 2024).

Because of the exhaustion requirement, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280. While the Eleventh Circuit has noted that courts should not strictly interpret the scope of an EEOC charge and that "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint," the Eleventh Circuit also "has cautioned that allegations of new acts of discrimination are inappropriate." *Gregory*, 355 F.3d at 1279–80 (quotation marks omitted).

In this case, Payne has not alleged in any of her filings that she timely filed an EEOC charge; nor has she provided any information about the substance or scope of any such charge. *See* Doc. 1; Doc. 18; Doc. 26; Doc. 27; Doc. 33; Doc. 36; Doc. 39. After the court twice ordered Payne to submit "a copy of all charges of discrimination that she filed with the EEOC, and that form the bases for her claims in this action" (*see* Doc. 24 at 8; Doc. 35 at 7–8), Payne did submit an EEOC right to sue letter. Doc. 36-1. But that right to sue letter does not indicate when her charge was filed or the substance of the alleged discrimination in the charge. Doc. 36-1.

Consequently, Payne has not alleged or shown that she fulfilled the prerequisite of exhausting her administrative remedies. *See Stamper*, 863 F.3d at 1339; *Batson*, 897 F.3d at 1327; *Poer*, 100 F.4th at 1338. Further, based on the lack of information from Payne about an underlying EEOC charge, the court cannot effectively assess whether any claims that Payne seeks to raise properly grow out of an EEOC charge.[2] *Gregory*, 355 F.3d at 1279–80. Thus, the complaint does not allege and Payne has not otherwise shown that she properly exhausted her administrative remedies. *See, e.g.*, *Burnett v. City of Jacksonville, Fla.*, 376 F. App'x 905, 906 (11th Cir. 2010) (affirming district court's dismissal without prejudice of *pro se* plaintiff's employment complaint where she had not shown that she exhausted her administrative remedies); *see also Hollis v. Western Acad. Charter, Inc.*, 782 F. App'x 951, 954 (11th Cir. 2019) (similar).

\* \* \*

Generally speaking, where "a more carefully drafted complaint" may state a claim, the plaintiff should be given a chance to amend before dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Moreover, a *pro se* plaintiff typically should be given "at

---

[2] Defendants did submit an EEOC charge that Payne appears to have filed, and that raises a complaint of demotion and termination based on race. Doc. 10-1. That charge mentions nothing about retaliation, disability, or sexual harassment. Doc. 10-1.

least one chance to amend the complaint before the district court dismisses the action." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). But a court need not provide an opportunity to amend where the plaintiff repeatedly has not cured deficiencies in the complaints through prior amendments, or where further amendment would be futile. *Bryant*, 252 F.3d at 1163.

Here, Payne has been granted several opportunities to amend, but still has not stated a claim for relief.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Payne's second amended complaint (Doc. 37) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**. The court separately will enter final judgment.

The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff Payne at her address of record.

**DONE** and **ORDERED** this December 18, 2024.

_____
 **NICHOLAS A. DANELLA**
 UNITED STATES MAGISTRATE JUDGE